**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LEO MCDONALD, JR.**                                                      **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 1:21-cv-161-TBM-RPM**

**HUNTINGTON INGALLS INDUSTRIES**                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The matter is before the Court *sua sponte* on the Court's Order to Show Cause [3] entered

on September 8, 2021, and Order to Show Cause [6] entered on November 17, 2021. Because

McDonald failed to comply with two court orders, despite being warned of the consequences, this

action is dismissed without prejudice.

**I.   FACTS AND PROCEDURAL HISTORY**

The events leading to dismissal without prejudice are as follows: Plaintiff Leo McDonald,

Jr., proceeding *pro se*, filed suit in this Court on May 14, 2021, alleging employment discrimination

by Defendant Huntington Ingalls Industries. [1]. In conjunction with his Complaint, McDonald

filed a Motion for Leave to Proceed *in forma pauperis*. [2]. However, Plaintiff failed to sign and date

the affidavit in support of his *in forma pauperis* application.

The Court entered its first Order to Show Cause [3] on September 8, 2021, directing

Plaintiff to submit a new *in forma pauperis* application with a properly executed affidavit. [3]. In the

alternative, the Court advised Plaintiff to pay the $402.00 filing fee. *Id.* On September 23, 2021,

Plaintiff filed a response to the show cause order and requested to withdraw his Motion for Leave

to Proceed *in forma pauperis*. [4]. Plaintiff also requested additional time to pay the filing fee. *Id.* By

order dated September 29, 2021, the Court withdrew Plaintiff's Motion for Leave to Proceed

*in forma pauperis* and established a deadline of November 1, 2021, for Plaintiff to pay the $402.00 filing fee. [5]. The Court cautioned Plaintiff that failure to pay the filing fee by the November 1, 2021, deadline would result in dismissal of his lawsuit. *Id.*

Despite the Court's warning, McDonald did not pay the filing fee by November 1, 2021. On November 17, 2021, the Court entered another Order to Show Cause [6] directing McDonald to "show cause in writing why his lawsuit should not be dismissed for failure to pay the required filing fee." [6] at pg. 1. The Court again warned Plaintiff that failure to respond to the Show Cause Order—by December 1, 2021, —will result in dismissal of his lawsuit. *Id.* All Orders were sent to McDonald's address of record and no filings were returned as undeliverable. As of this date, McDonald has yet to respond to the Court's Order Setting Payment Schedule [5] and to the Order to Show Cause [6]. Nor does the docket reflect any payment of the filing fee by McDonald. It is apparent from McDonald's failure to comply that he lacks interest in pursuing this claim.

## II. DISCUSSION

The Court has the authority to dismiss an action *sua sponte* for the plaintiff's failure to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and the Court's inherent authority. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 734 (1962). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, in a manner to achieve the orderly and expeditious disposition of cases. *See McVeay v. Jackson Cnty. Adult Det. Ctr.*, No. 1:21-CV-95-TBM-RPM, 2021 U.S. Dist. LEXIS 203003, at *3 (S.D. Miss. Oct. 21, 2021). Such a sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 629-30.

"Dismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Stearman v. Comm'r.*, 436 F.3d 533, 535 (5th Cir. 2006). However, "advance warnings of possible default mitigate the requirement that the district court consider lesser sanctions." *Atl. Sounding Co. v. Fendlason*, 555 F. App'x 378, 380 (5th Cir. 2014) (*quoting Imperial ED Promotions, L.L. C. v. Pacquiao,* 549 F. App'x 295, 299 (5th Cir. 2013) (affirming district court's dismissal with prejudice after the plaintiff had at least two warnings of the possibility of dismissal for failure to act, including a show cause order)).

The Defendant has never been called upon to respond to the Complaint nor appeared in this action, and the Court has not considered the merits of the claims. Under Fifth Circuit precedent, this Court may be within its discretion to dismiss this action with prejudice. A plaintiff's lack of action in the face of court orders and adverse motions demonstrate "a clear record of delay or contumacious conduct." *Atl. Sounding Co.*, 555 F. App'x at 380. McDonald has been given at least three warnings—two show cause orders and an order setting payment schedule—that he risks dismissal with prejudice for failure to comply. *See id.* at 381 ("The district court did not abuse its discretion when, after adequate warning, it dismissed the action with prejudice."). McDonald is directly responsible for the objectionable conduct at hand.

But, the Court is within its discretion to dismiss this action without prejudice, and courts in this district confronted with similar facts have done just that. *See McVeay v. Jackson Cty. Adult Det. Ctr.*, No. 1:21-CV-95-TBM-RPM, 2021 U.S. Dist. LEXIS 203003 (S.D. Miss. Oct. 21, 2021)

(dismissing case without prejudice for plaintiff's failure to advise the Court of a change in address following two show cause orders); *see also Grant v. Baton Aerospace*, No. 3:04-CV-946-WS, 2006 WL 1966840 (S.D. Miss. July 10, 2006) (dismissing case without prejudice when plaintiff did not comply with court orders to obtain new counsel or inform the court of her intention to proceed *pro se* and to respond to defendant's motion for summary judgment). McDonald has ignored multiple Orders which gave him notice of the consequences of failing to comply. McDonald's failure to prosecute and comply with Orders merits dismissal. Thus, this cause should be dismissed without prejudice.

### III. CONCLUSION

THEREFORE, IT IS ORDERED AND ADJUDGED, for the reasons stated above, this case should be and is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to obey the Court's Orders. A separate Final Judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

THIS, the 28th day of December, 2021.

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

4